## CLINGAN et al. v. BANK OF COMMERCE.

No. 2302.   Opinion Filed February 18, 1913.

(130 Pac. 537.)

1. **BILLS AND NOTES**—Action on Note. Evidence examined, and held, that the court was fully justified thereunder in directing the jury to return a verdict for plaintiff.

2. **EVIDENCE**—Declarations—Admissibility. In a suit on a promissory note, where one of the signers of the note sets up the defense that he was a surety, and that he signed the note as such because of an agreement between the payee, the maker, and himself that the proceeds of the note were to be paid the maker, in money to pay out property of the maker, which he was to mortgage to the surety to indemnify him as such, and that the payee had violated the agreement, by appropriating the proceeds of the note to the payment of an alleged overdraft due by the maker, held, that the court did not commit error in refusing to allow the surety to testify as to what the maker said to him about the matter, in the absence of the payee, and in the absence of proof that the alleged agreement had been assented to by the payee.

(Syllabus by Brewer, C.)

*Error from Kiowa County Court;*
*J. W. Mansell, Judge.*

Action by the Bank of Commerce against C. J. Clingan and others. Judgment for plaintiff, and defendants bring error. Affirmed.

*Stevens & Myers* and *T. B. Orr,* for plaintiffs in error.
*Wilson & Roe,* for defendant in error.

Opinion by BREWER C.   This is a suit on a promissory note executed by C. J. and A. J. Clingan and John M. Zigler to the Bank of Commerce.   The Clingans made no defense, and, at a trial upon the issues raised by the answer of Zigler, the court instructed the jury to return a verdict for the plaintiff, which was done, and judgment entered.

Counsel for Zigler contends that the court erred:  (1) In instructing a verdict for plaintiff; and  (2) in sustaining objections to certain questions asked defendant Zigler.

The defense relied on, in substance, is that defendant Zigler signed the note as a surety, with the agreement and understanding between the signers of the note and the bank that the principal in the note was to receive the proceeds of the note from the bank and purchase therewith certain town lots, and execute thereon to defendant Zigler a mortgage to secure and indemnify him against loss because of his suretyship on the note, and that, notwithstanding the agreements and understandings of the parties, the bank had not furnished the principal in the note the proceeds thereof to pay for the lots, but had applied the same to the discharge and payment of an overdraft due from the principal to the bank, thus defeating defendant's opportunity to have indemnity against his liability on the note.  A general denial for reply raised the issue tried.

1.  The court was right in directing a verdict in favor of plaintiff.  There was a failure of proof.  It is true the principal in the note, Clingan, testified that when he spoke to the officer of the bank about making a loan he mentioned that he could get Zigler on the note and would give him a mortgage on some lots, etc.; but, when asked what the officer of the bank said, the reply was, "He didn't make any reply to that," etc.  Zigler was not present when arrangements were made for the money, nor did he ever have any communications with the bank regarding the matter.  The note was taken by Clingan 35 miles to where Zigler lived, and he signed it, and it was taken back to the bank and the proceeds deposited to Clingan's credit.

2. The evidence of Zigler which the court refused to admit was clearly incompetent. The defendant offered to prove the conversation between Clingan and Zigler when the note was signed, all in the absence of any one connected with the bank and without any showing that the bank had made any agreement along the lines of the conversation.

The cause should be affirmed.

By the Court: It is so ordered.